# In the United States District Court
# For the Southern District of Georgia
# Waycross Division

KAREN WANDOFF o/b/o M.L.M. (minor child),

        Plaintiff,

  v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security,

        Defendant.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

CIVIL ACTION NO.: 5:20-cv-103

## O R D E R

Before the Court are Plaintiff's Objections to the Magistrate Judge's February 16, 2022 Report and Recommendation.[1] Dkt. No. 27.  In the Report, the Magistrate Judge recommended the Court affirm the Commissioner of Social Security's decision. Dkt. No. 26 at 1.

In her Objections, Plaintiff sets forth three arguments, two which reiterate the arguments already raised in her brief. First, Plaintiff argues the Administrative Law Judge ("ALJ")

---

[1]    The Commissioner filed a Notice of Intent to File Reply Brief to the Objections.  Dkt. No. 28.  However, given the Court concludes Plaintiff's Objections are overruled, a reply would be unlikely to change the analysis.

failed to properly evaluate the evidence relating to Claimant M.L.M.'s persistent severe impairments. Id. Second, Plaintiff argues the ALJ failed to properly evaluate a borderline-age situation. Id. Finally, she argues the Commissioner's final decision is constitutionally defective. Id. at 11.

For the first argument, which asserts the ALJ failed to properly evaluate evidence relating to M.L.M.'s persistent impairments, Plaintiff argues the ALJ must "discuss the uncontroverted evidence not relied upon and significantly probative evidence that is rejected," citing to Tenth and Ninth Circuit case law. Dkt. No. 27 at 4. Authority from outside the Eleventh Circuit is merely persuasive, not binding on this Court. Upon review of the record and the Report, it is clear the Magistrate Judge came to conclusions which are supported by and consistent with Eleventh Circuit case law.

Plaintiff notes the Magistrate Judge expressed a desire in the future for more detailed articulations of these factors and concludes, as a result, the Court had to guess as to what the ALJ meant in her opinion, improperly overstepping its duties. Dkt. No. 27 at 7. However, this Objection is without merit. Plaintiff misconstrues this portion of the Report. While clearer and more detailed articulations are desirable, the ALJ's opinion in this case met the Regulations' requirements and were supported by substantial evidence. Plaintiff cites no

2

additional caselaw or facts that would change the Court's conclusions.  Accordingly, this Objection is **OVERRULED**.

As to the second argument about the borderline-age category, Plaintiff reiterates the arguments she asserted in her initial brief and reply brief.  She acknowledges the children's Regulations are silent on borderline-age situations.  Dkt. No. 27 at 10.  However, she argues the Regulations reflect the importance of applying the appropriate age categories to children's cases by providing extensive detail on the milestones for each age category and the adult Regulations provide guidance which can be used in the case of a child.  Id. at 11.

Plaintiff's argument is unconvincing.  As the Magistrate Judge correctly concluded, the Regulations contain no exceptions for borderline-age situations in children, unlike in adults. Dkt. No. 26 at 13.  While Plaintiff argues borderline-age situations exist in children regardless of their presence in the Regulations, the child SSI Regulations simply do not provide a mechanism for the ALJ or this Court to consider them. Accordingly, this Objection is also **OVERRULED**.

As for Plaintiff's argument on the constitutionality of the Commissioner's decision, Plaintiff failed to raise any related argument to filing her Objections.  See Dkt. Nos. 19, 23.  The Court need not consider Plaintiff's newly raised arguments, as she failed to present any such argument in her briefing to the

AO 72A
(Rev. 8/82)

Magistrate Judge.  <u>See</u> <u>Williams v. McNeil</u>, 557 F.3d 1287, 1291

(11th Cir.2009) (approving district court's refusal to consider

new argument set forth in objections where party had opportunity

to present such argument to magistrate judge and failed to do

so).

Plaintiff states she did not raise an argument related to

the constitutionality of the Commissioner's decision because the

authority she relied on occurred after the briefing.  Dkt. No.

27 at 12.  This explanation is not compelling.  Although

Plaintiff filed the Notice for Supplemental Authority, she

provided no argument with that Notice.  Dkt. No. 24.

Additionally, Plaintiff did not ask for leave of Court to

provide supplemental briefing, despite having a six-month window

to do so.  Thus, the Court declines to address Plaintiff's newly

raised constitutional arguments.[2]  Accordingly, this Objection is

also **OVERRULED**.

After an independent and de novo review of the entire

record, the Court **CONCURS** with the Magistrate Judge's Report and

Recommendation, **ADOPTS** the Report and Recommendation as the

opinion of the Court, and **OVERRULES** Plaintiff's Objections.  The

---

[2]     Even if the Court were to consider the argument, it would fail.
Plaintiff has failed to show any connection between the purportedly
unconstitutional removal provision and the ALJ's decision or the
Commissioner's position in this case.

Court **AFFIRMS** the ALJ's decision.

    **SO ORDERED**, this ____6____ day of ___March___, 2022.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)